1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRY D. DIXON,                     )
                                    )
            Petitioner,             )        3:13-cv-00248-RCJ-WGC
                                    )
vs.                                 )        **ORDER**
                                    )
RENEE BAKER, *et al.*,              )
                                    )
            Respondents.            )
_____/

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

     Petitioner has filed a second *in forma pauperis* application.  (ECF No. 16).  Petitioner has paid the filing fee for this action.  (ECF No. 3).  Because petitioner has paid the filing fee in this action, the motion to proceed *in forma pauperis* is denied as moot.

     Petitioner has filed a second motion for the appointment of counsel.  (ECF No. 15).  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),

*cert. denied*, 469 U.S. 838 (1984).  In the order filed July 9, 2013, this Court denied petitioner's first motion for the appointment of counsel, finding that the petition on file is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring and that the issues in this case are not complex.  Nothing in petitioner's recent motion for the appointment of counsel causes this Court to change its initial determination that the appointment of counsel is not justified. Petitioner's motion for the appointment of counsel is denied.

Petitioner has filed a motion for leave to amend the petition, along with an amended petition. (ECF No. 11 & 11-1).  The Federal Rules of Civil Procedure apply in federal habeas corpus actions to the extent that it is not inconsistent with statutory provisions or the habeas corpus rules.  Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.  Rule 15(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> A party may amend his pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  Petitioner has the right to amend the petition as a matter of course because respondents have not filed a responsive pleading or motion.  Petitioner's motion to file an amended petition is granted.

The Court has conducted a preliminary review of the amended petition (ECF No. 11-1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).  A federal habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.

2

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004).  This action is dismissed for failure to exhaust claims in the amended petition.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2254(b)(1)(A).

Petitioner has filed a motion for a stay of proceedings so that he may return to state court for the purpose of exhausting the unexhausted claims in the amended petition.  (ECF No. 10).  In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).  In the instance case, petitioner has not shown good cause for his failure to exhaust his claims in state court prior to initiating federal habeas proceedings.  The motion for a stay is denied.

**IT IS THEREFORE ORDERED** that petitioner's second application to proceed *in forma pauperis* (ECF No. 16) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's second motion for the appointment of counsel (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to file an amended petition (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust claims in the amended petition.  If and when petitioner exhausts his state court remedies, he may file a new habeas petition in a new action.  Petitioner shall file no further documents in this closed action.

**IT IS FURTHER ORDERED** that petitioner's motion for a stay (ECF No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 9th day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE

4